# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARYANNE L. COWART, PATRICK COWART, and SPENCER A. BARLOW, a minor, by his mother and next friend, MARYANNE COWART, | CASE NO.: 07-C-0410-C |
| Plaintiffs, | JUDGE: Hon. Barbara Crabb |
| v. | |
| THE CITY OF EAU CLAIRE, WISCONSIN, a governmental entity, THE CITY OF EAU CLAIRE POLICE DEPARTMENT, THE CITY OF EAU CLAIRE ADMINISTRATIVE REVIEW BOARD, JERRY MATYSIK, TRAVIS QUELLA, BRADLEY VENAAS, LISA ARLOSZYNSKI, NED DONNELLAN, JENNIFER EBERT, JAMES FLORY, BRANDON BUCHANAN, STEPHEN NICK, STEPHEN BOHRER, and LUCIE MCGEE, | |
| Defendants. | |

_____

Michael Radzilowsky, Attorney for Plaintiffs
Law Offices of Michael Radzilowsky
234 South Wabash, 7th Floor
Chicago, Illinois 60604
Phone: 312-986-0600
Fax: 312-986-0986

Thomas Misfeldt, Attorney for Defendants
Weld, Riley, Prenn & Ricci, S.C.
3264 Oakwood Hills Pkwy.
P.O. Box 1030
Eau Claire WI 54703
Phone: 715-839-7786 / Fax 715-830-8609

## PLAINTIFFS' MOTION FOR A JUDGMENT ON THE PLEADINGS AND RENEWED MOTIONS TO STRIKE DEFENDANTS' ANSWERS AND FOR SANCTIONS

Plaintiffs, through their attorney, Michael Radzilowsky, bring the following Motion for a Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), a Motion to Strike Defendants' Answers pursuant to Federal Rule of Civil Procedure 12(f), and a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c) and state:

## BACKGROUND

Defendants filed an Answer to Plaintiffs' Complaint on October 24, 2008. Defendants did not forward a copy of their Answer to Plaintiffs. The answer was finally located through the PACER system in the first week of November 2007. On November 11, 2007, Plaintiffs filed a Motion to Strike Defendants Answer, in part, based on its failure to comply with the Federal Rules of Civil Procedure.

At the Pretrial Conference held on November 15, 2007, Magistrate Crocker extended the time for any amendments to the pleadings to December 22, 2007. Defendants' attorney indicated to Plaintiffs' attorney at the time of the Pretrial Conference Call that he intended to amend his answer as it was a bit "rough."

On December 20, 2007, Plaintiffs filed their Amended Complaint. Defendants filed their Answer to the Amended Complaint on January 7, 2008. Defendants did not file an amended answer to the original complaint, contrary to Defendants' attorney's prior representations. This new Answer essentially repeats the replies provided in Defendants' Original Answer.

Defendants' Answer remains more than a bit "rough" as it does not fully comply with the Federal Rules of Civil Procedure. For these reasons, Plaintiffs now request that this Court grant Plaintiffs' Motions to Strike, for Sanctions, and for a Judgment on the Pleadings in their favor.

## LEGAL ARGUMENT

### I. Standard of Review

**A. Motion to Strike**

The standard of review for a Motion to Strike is governed by Fed. R. Civ. P. 12(f), which states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

In the case at bar, Plaintiffs sought to strike Defendants answer to its Original Complaint based on Fed. R. Civ. P. 8(b) and 11(b).

**B. Judgment on the Pleadings**

Under 12(c), a party may bring a Motion for a Judgment on the Pleadings once "the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

The standard of review governing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) also applies to a Motion for a Judgment on the Pleadings made pursuant to Fed. R. Civ. P. 12(c). *GATX Leasing Corp. v. National Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir. 1995). The court considers the complaint and answer, as well as any exhibits attached to both when considering a Motion for a Judgment on the Pleadings.  *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

While the court views the allegations in the complaint in a light most favorable to the nonmoving party (in this case, Defendants), *See Delgado v. Jones*, 282 F.3d 511, 515 (7th Cir. 2002), defendants may not simply rest on unsupported conclusions of law. *City of South Bend*, 163 F.3d at 452. Judgment on the pleadings will be granted if the moving party can prove that they it is entitled to judgment as a matter of law. *See 2 Moore's Federal Practice*, §12.38 (Matthew Bender 3d ed.).

**II. Argument**

**A.  Motion to Strike and Motion for Sanctions**

Plaintiffs reincorporate, restate, and reallege the argument they previously submitted in their original Motion to Strike and Motion for Sanctions. Additionally, since Defendants' Answer to Plaintiffs' Amended Complaint is essentially the same as its Original Answer, Plaintiffs apply the same reasoning for the basis of this Motion to Defendants' January 7, 2008 Answer.

1. The Pleading Rules Require Nuanced Response to Each Allegation

   a.   Defendants' Answer Violates the Pleading Rules of Fed. R. Civ. P. 8(b) and 11(b)

   Fed. R. Civ. P. 8(b) states:

   A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment,

the pleader shall specify so much of it as is true and material and shall deny only the remainder. . . .  F.R.C.P. 8(b).

In addition, general denials are permitted only to the extent that they strictly comply with Rule 11's requirements. *Id*.  Thus, Rule 8(b) requires a nuanced response to each allegation. The Rule provides that the allegations may be admitted, denied, admitted in part, denied in part, or noted as unable to be admitted or denied due to insufficient knowledge. A response to an allegation must be made with the requirements of Rule 11 in mind, specifically those requirements of good faith, reasonable inquiry, and factual grounding.

Under FRCP 8(d), an allegation is deemed admitted if no responsive pleading is made. Rule 8(d) reads:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.

> FRCP Rule 11(b) also speaks to pleadings requirements. It states:

> (b) Representations to Court.

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Based on the details provided below, Defendants' Answer fails to meet the specific requirements of the Federal Rules of Civil Procedure.

Defendants' Answer is redundant with examples of Defendants' failure to comply with the Rules of Civil Procedure. Plaintiffs are compelled to outline the individual paragraphs forming the basis for its motion in detail below. Each of the relevant numbered paragraphs from Plaintiffs' complaint will be referred to as Plaintiffs' Allegations (PA) and Defendants' response to those paragraphs will be referred to as Defendants' Response (DR). Plaintiffs seek to strike portions of Defendants' Answer.

1. Defendants failed to address the following paragraphs of the Complaint in any manner. Plaintiffs allege that such failure is contrary to Rule 8(b) and that the allegation should be deemed admitted under Rule 8(d). The paragraphs subject to admission are PA 1, 2, 4, 6, 7, 11-12, 50-55, 69-72, 95, 106-7, 111-12, 114-15, 120, 125-7, 132, 156, 167-170, 227, and 239.

2. Defendants have stated several allegations that do not specifically refer to any of Plaintiffs' numbered allegations. The paragraphs in Defendants' answer that do not specifically refer to any of Plaintiffs' allegations are numbers 108, 109, 110, and 111. Plaintiffs request that the Court strike these allegations pursuant to Rule 8(b) and deem them admitted.

3. PA 3 / DR 1: Plaintiffs state Spencer Barlow's name and address and his appearance in the case as a minor through his mother and next friend, Maryanne Cowart. DR Paragraph 1 incorrectly states that Spencer Barlow may not appear in the case as except through a *guardian ad litem*. In *T.W. and M.W. v. Thomas Brophy, et al.*, 124 F.3d 893 (1997) Chief Judge Posner explained the differences between a minor appearing through a next friend or a *guardian ad litem*. Judge Posner stated at pages 894-6:

> To maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult. *Gardner by Gardner v. Parson*, 874 F.2d 131, 137 n. 10 (3d Cir. 1989); 4 Moore's Federal Practice sec. 17.20[1], p. 17-87 (3d ed. 1997). A child who does not have a guardian or other "duly appointed representative may sue by a next friend or by a guardian ad litem" appointed by the district court. Fed. R. Civ. P. 17(c). The terms are essentially interchangeable, but "next friend" is normally used when the child is the plaintiff, and "guardian ad litem" when the child is the defendant. (Just to add to the confusion, when the child does have a general representative, the representative will usually be designated as the child's "next friend," despite the wording of Rule 17(c) quoted above.) The court does not usually appoint a next friend; it is usually the next friend who has taken the initiative in suing on the child's behalf. . . .

      Unless--and here we come to the heart of the dispute in this case--the court finds the child's general representative to be inadequate, it should not allow the general representative to be bypassed by appointing a special representative to litigate on behalf of his ward. Rule 17(c) doesn't say this in so many words, but it is implicit in the usual formulations of the court's powers under the rule, see *Ad Hoc Committee of Concerned Teachers v. Greenburgh #11 Union Free School District, supra*, 873 F.2d at 29-30; *Adelman ex rel. Adelman v. Graves*, *supra*; *Developmental Disabilities Advocacy Center, Inc. v. Melton*, 689 F.2d 281, 285 (1st Cir. 1982), and was made explicit in *Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir. 1981). "As a general rule, a federal court cannot appoint a *guardian ad litem* in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure sec. 1570, p. 497 (2d ed. 1990). It is a sensible general rule because the management of the affairs of infants, like other matters relating to domestic relations, is the primary responsibility of the states rather than of the federal government.

      Obviously, Defendants have either not read case law about the differences between a *guardian ad litem* and a next friend or do not understand the implications of FRCP 17(c). DR 1 is contrary to Rule 11(b)(2)'s requirement that a defense be warranted by law, and the Court should strike the answer to this allegation, deem it admitted, and impose sanctions against Defendants in accordance with Rule 11(c).

4. PA 5 alleges that the City Police Department administers the processing of ordinance variance applications and states its mailing address. DR 2 is nonresponsive to the specific allegation that the Police Department administers ordinance variance applications. Plaintiffs request that the Court deem this answer admitted pursuant to Rule 8(d).

5. PA 9 alleges that the Administrative Review Board administers the processing of ordinance variance applications and states its mailing address. DR 2 is nonresponsive to the allegation. Plaintiffs request that the Court deem this answer admitted pursuant to Rule 8(d).

6. PA 10 alleges that the address of Defendant Ned Donnellan. DR 5 is obstructive in that while Ned Donnellan is not a current Administrative Review Board member, but he was a member at the time of the Board's decision. Plaintiffs request that the Court deem this answer admitted pursuant to Rule 8(d).

7. PA 10 alleges that the address of Defendant Brandon Buchanan. DR 6 is obstructive in that while Brandon Buchanan is not a current Administrative Review Board member, but

    he was a member at the time of the Board's decision. Under Rule 8(d), the allegation should be deemed admitted.

8. PA 24-39 allege the disabilities of Maryanne Cowart and how her service dogs mitigate her disabilities. DR 13 states that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. However, this denial is overbroad and obstructive in nature. Plaintiffs provided letters authored by Plaintiffs' medical providers regarding Plaintiffs medical and psychological disabilities and their need for service dogs to the Administrative Review Board (*See* previously submitted Exhibit 1 to Plaintiffs' Original Motion to Strike).

    Further, Defendants, by failing to specifically deny the allegation that Defendants received statements from Plaintiffs' medical providers regarding Plaintiffs disabilities and their need for service dogs in PA 115, have admitted that Defendants were aware of Plaintiffs' needs for service dogs, were aware of Plaintiffs' disabilities, and that Defendants received medical statements as to that need. Defendants' allegations are internally inconsistent. Therefore, DR13 should be stricken and the allegations of 24-39 deemed admitted under Rule 8(d).

9. PA 40-49 allege the disabilities of Spencer Barlow and how his service dog mitigates his disabilities. As explained above in Paragraph 14, Defendants did have knowledge and information as the fact that Plaintiff Maryanne Cowart and Spencer Barlow were disabled and using service dogs to mitigate their disabilities, and have admitted to receiving medical letters to that effect. Therefore, Plaintiffs request this Court to strike DR 14 and admit the allegations of Paragraphs 40-49 under Rule 8(d).

10. PA 109 alleges that Maryanne Cowart made a formal complaint to the Wisconsin Civil Rights Division regarding the denial of Plaintiffs' variance request. DR 21 alleges that Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. However, this denial is specious and obstructive in nature as DR 22 admits that Defendant Stephen Bohrer responded to the complaint made to Wisconsin Civil Rights Division and that an investigation was undertaken. The allegations of this paragraph should be deemed admitted under Rule 8(d).

11. PA 113 states that Maryanne Cowart received a letter from the Administrative Review Board regarding an appeal of the variance denial. In DR 23, Defendants state they do not

7

have sufficient information or knowledge to answer the allegation, yet this is a document authored by Defendants (*See* previously submitted Exhibit 2 to Plaintiffs' Original Motion to Strike). This answer is obstructive and violates the spirit and nature of the Rules and should be deemed admitted under Rule 8(d). Additionally, Plaintiffs seek sanctions for Defendants' failure to ground their answers in fact under Rule 11(c).

12. PA 119 alleges that Maryanne Cowart, her then attorney, and Defendant Bradley Venaas met to work out an agreement as to the variance issues. DR 26 denies the paragraph on the basis that Defendants do not have sufficient information or knowledge to answer the allegation. Defendants either know or do not know if this meeting took place. This answer is obstructive and it should be stricken. PA paragraph 119 should be deemed admitted under Rule 8(d).

13. PA 122 alleges that Defendant Bradley Venaas claimed that all but one Maryanne Cowart's neighbors opposed the granting of the variance application. Defendants failed to answer this allegation with specificity, instead stating in DR 27 that neighbors did not sign Maryanne Cowart's petition. Since, contrary to Rule 8(b), Defendants have failed to answer the allegation that Bradley Venaas stated that all but one of the neighbors opposed the variance application, it should be deemed admitted under Rule 8(d).

14. PA 124 alleges that the Administrative Review Board did not close the meeting regarding Plaintiffs' reasonable accommodation request. While DR 28 denies that the meeting was not closed, by failing to answer PA 125-127, Defendants have admitted the substance of those allegations, specifically, that a request was made for a closed meeting and that Defendant Lucie McGee advised the Board not to close the meeting. Due to the internal inconsistency of these allegations, PA124 should be deemed admitted.

15. DR 110 alleges that Plaintiffs have obtained insufficient service of process over various defendants. F.R.C.P. 4(d) imposes a duty upon Defendants to limit costs associated with service of process and to waive process. F.R.C.P. 4(d) states:

d) Waiver of Service; Duty to Save Costs of Service; Request to Waive.

(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.

(2) An individual, corporation, or association that is subject to service under

8

> subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. . . .

Plaintiffs allege that Defendants' answer to this allegation is in error and constitutes a waste of the court's time. Defendant City Attorney Stephen Nick received a copy of the filed complaint by facsimile and email on or about August 1, 2007. In reliance upon Defendant Nick's statement that he believed that Defendants would waive service, Plaintiffs delayed service for over 45 days, just to be told that Defendants would require service on all defendants. Plaintiffs have filed proofs of service with the Court's Clerk.

Defendants have failed to plead with specificity their allegation regarding the insufficiency of service.  Plaintiffs allege that they served a complaint upon Defendant City of Eau Claire, Defendant Board, and Defendant Stephen Bohrer with the City Attorney's office. Defendant Bradley Venaas stated to Plaintiff's process server, Jason Kasiewicz, at the time of service, that he had the authority to accept service for himself, Travis Quella, and Jerry Matysik because Travis Quella and Jerry Matysik were out of the office or on vacation. Plaintiffs' server relied on Venaas' assertions in making service upon these Defendants. Plaintiffs' process server in Milwaukee served a copy of the complaint for Defendant Lisa Arloszynski upon a person of 18 years or older at her only known address in Milwaukee. Similarly, copies of the complaint were left with a person over the age of 18 at the residence or office of both Defendants Buchanan and Donnellan.

Affirmative defenses are subject to all the pleading requirements the Federal Rules of Civil Procedure. F.R.C.P. 8(c).  An affirmative defense that is insufficient upon its face or consists of merely "a "bare bones, conclusory allegation" must be stricken. *Flasza v. TNT Holland Motor Express Inc.*, 155 F.R.D. 612 (N.D. Ill. 1994). Defendants have failed to comply with the requirements of Rules 4(d) and 11(b).  Because Defendants failed to elaborate upon their allegations, Plaintiffs seek to strike DR 112-128 pursuant to Rule 12(f). Plaintiffs request that costs associated with the drafting of this motion be assessed as sanctions against Defendants pursuant to Rule 11(c).

16.  DR 111 alleges that Plaintiffs have failed to exhaust their administrative remedies, but have failed to state with specificity the Eau Claire ordinance or state law that requires

Plaintiffs to further appeal the decision of the Board to deny Plaintiffs' variance request. Plaintiffs' counsel has conducted thorough legal research upon the issue and no requirement to further appeal the denial of the variance appears in Eau Claire ordinances or state law.

By Eau Claire Ord. 1.06.10, Eau Claire specifically opted out of that portion of the Wisconsin Statutes governing administrative appeals. Eau Claire Ord. 1.06.060 allows the administrative review board to review all administrative decisions. There is no provision in the relevant part of the ordinance for further appeal of the Administrative Review Board's decisions. *See* Eau Claire Ord. 1.06.060. Because Defendants have no legal basis for their defense and answer to this allegation, Plaintiffs seek to strike this answer and to have costs assessed as a sanction for violation of Rule 11(b).

17. DR 112-128 fails to state with specificity the basis for its allegations that Plaintiffs' Counts fail to state a claim upon which relief may be granted. Affirmative defenses are subject to all the pleading requirements the Federal Rules of Civil Procedure. F.R.C.P. 8(c). An affirmative defense that is insufficient upon its face or consists of merely "a "bare bones, conclusory allegation" must be stricken. *Flasza v. TNT Holland Motor Express Inc.*, 155 F.R.D. 612 (N.D. Ill. 1994). Because Defendants do not elaborate upon their allegations, Plaintiffs seek to strike DR 112-128 pursuant to Rule 12(f).

18. DR 127 and DR 128 also allege that Plaintiffs failed to state a claim for declaratory relief and punitive damages. Because Defendants makes a bare bones, conclusory allegation without any basis for this allegation proffered, Plaintiffs seek to strike these allegations pursuant to Rule 12(f).

19. DR 129 alleges that Plaintiffs failed to comply with the notice requirements of Wisconsin law, Wis. Stats. § 893.80 for Plaintiffs' state claims. Plaintiffs' Counsel telephoned the City Attorneys office in May 2007 regarding the notice and to determine who was responsible for receiving the Notice. The secretary for that office, Mary Burgess, told Plaintiffs' Counsel that she would accept a copy of the Notice by facsimile. Plaintiffs' counsel sent the notice by facsimile on July 26, 2007 to the attention Mary Burgess. Defendants are mistaken about Plaintiffs' compliance with the Notice requirements and Plaintiffs seek sanctions under Rule 11(c). A copy of this notice and fax documentation is attached as Exhibit 3.

**The Answer Demonstrates Internal Inconsistencies and Lack of Reasonable Inquiry and Good Faith**

As stated above, Defendants have made allegations that are internally inconsistent. For example, Defendants allege in paragraph 28 of their Answer that plaintiffs were not denied a closed hearing. Defendants admitted, through their failure to deny, that a request was made for a closed meeting and that Defendant Lucie McGee advised the Board not to close the meeting. Thus, these allegations, when taken together, do not make sense. Another example is of Defendants' allegation in Paragraph 21 denying knowledge or information sufficient to form a belief as to the truth of the allegations that Maryanne Cowart made a complaint to the Wisconsin Civil Rights Division. However, this denial is specious and obstructive in nature as DR 22 admits that Defendant Stephen Bohrer responded to the complaint made to Wisconsin Civil Rights Division and that an investigation was undertaken.

These internal inconsistencies demonstrate the fact that Defendants have not made a reasonable inquiry into the facts underlying their answers and have failed to demonstrate good faith in the production of their answers, in part. Defendants' disregard for the facts and rules demonstrates bad faith and requires the unnecessary production of documents and witnesses under F.R.C.P. Rule 26(a).

THEREFORE, Plaintiffs request this court to grant its Motions to Strike and for Sanctions.

**A.  Motion for a Judgment on the Pleadings**

Once the Court grants Plaintiffs' Motion to Strike and deems certain allegations of Plaintiffs' Complaint as admitted, there will be little left to Defendants' Answer. Because the key allegations of Plaintiffs' Complaint will be deemed admitted and/or key answers in Defendants' Answers Stricken. As such, there will be no material facts at issue. (*See Exhibit 1*, Allegations to be Deemed Admitted Pursuant to Motion to Strike*Exhibit 2*, Defendants' Answers Subject to Strike). As such, the Court need merely apply the law in this case and find that Plaintiffs are entitled to a Judgment in their favor.

Plaintiffs' Complaint and Exhibits make it clear that Ms. Cowart and her son, Spencer Barlow, are legally disabled under the definitions provided by the Americans with Disabilities

Act, the Rehabilitation Act, and the Federal Housing Amendments Act. As such, they are entitled to use service dogs to mitigate their disabilities. Plaintiffs have properly alleged that their service dogs are trained and work to mitigate Plaintiffs' disabilities.

Defendants' failure to grant Plaintiffs a variance of Eau Claire Ord. 6.08.020 ) (limiting the number of dogs to a residence to two dogs) violates Plaintiffs' disability civil rights pursuant to Federal law, and violates Federal law as outlined in Plaintiffs' Complaint. Since Defendants' Answer is fatally flawed, and should be stricken, nothing is left for the Court to decide since the key allegations in Plaintiffs' Complaint should be admitted as a matter of law.

THEREFORE, Plaintiffs request that this Court grant its Motion for a Judgment on the Pleadings.

## CONCLUSION

Plaintiffs have proven that Defendants' Answers are fatally flawed and that the Court should grant its Motions to Strike and for Sanctions. Once the Court has stricken the requested Answers, nothing of substance will remain to Defendants' Answers. The Court should deem the key issues as alleged in Plaintiffs' Complaint as admitted. As such, Plaintiffs are entitled to grant of their Motion for a Judgment on the Pleadings.

Respectfully submitted,


_____  April 4, 2008
Michael Radzilowsky (electronically signed)  DATED
234 S. Wabash
Chicago IL 60604
(312) 986-0600
michael_radzilowsky@yahoo.com

**Exhibit 1**
**Allegations to Be Deemed Admitted Pursuant to Plaintiff's Motion to Strike**

| Paragraph Number of Plaintiffs' Complaint | Allegation / Substance of Allegation |
|---|---|
| 1 | Plaintiff Maryanne Cowart's name, address, citizenship. |
| 2 | Plaintiff Patrick Cowart's name, address and citizenship. |
| 3 | Plaintiff Spencer Barlow's name, address and citizenship and representation by mother as next friend. |
| 4 | Defendant City of Eau Claire's address and status as a municipality |
| 5 | Defendant Police Department's address and body that administers the processing of variance applications. |
| 7 | Defendant Travis Quella's status as a police officer. |
| 9 | Defendant Administrative Review Board's and allegation that it is a department or instrumentality of City of Eau Claire. |
| 10 | Defendant Ned Donnellan's mailing address. |
| 11 | Defendant Jennifer Ebert's mailing address. |
| 24 | Maryanne Cowart is diagnosed with physical and mental disabilities. |
| 25 | Maryanne Cowart suffers from Agoraphobia, Social Anxiety Disorder, Bipolar Disorder, and Post-Traumatic Stress Syndrome |
| 26 | Maryanne Cowart has Scoliosis and has sustained serious physical injuries from prior vehicular accidents that cause chronic back and neck pain. |
| 27 | Maryanne Cowart must use prescription narcotic pain medications and a Transcutaneous Electrical Nerve Stimulation unit ("TENS") on a daily basis in an attempt to ease the pain. |
| 28 | The psychiatric condition of Agoraphobia substantially limits Ms. Cowart in the major life activities of interacting with others and working. |
| 29 | The psychiatric condition of Social Anxiety Disorder substantially limits Ms. Cowart in the major life activities of interacting with others and working. |
| 30 | Bipolar Disorder is a neurobiological disorder characterized by cycles of depressive and manic episodes (See Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders p. 395 (4th ed. text rev. 2000)). |
| 31 | Bipolar Disorder is a physical illness in that it afflicts the brain, which is a physical organ of the body |
| 32 | Bipolar Disorder affects the physical and chemical structure of the brain. |
| 33 | Bipolar Disorder substantially limits Ms. Cowart in the major life activities of caring for herself, concentrating, thinking, interacting with others, sleeping, and working. |

| Paragraph Number of Plaintiffs' Complaint | Allegation / Substance of Allegation |
|---|---|
| 34 | The psychiatric condition of Post Traumatic Stress Syndrome substantially limits Ms. Cowart in the major life activities of caring for herself, concentrating, interacting with others, sleeping, and working. |
| 35 | Plaintiff Maryanne Cowart is a disabled individual as defined under applicable federal law, specifically, the ADA and Section 504 of the Rehabilitation Act. |
| 36 | In order to mitigate her disabilities, Ms. Cowart uses two service dogs, Pepper and Charlie, who, among other tasks, bring her out of a disassociated state, alert her to impending anxiety attacks while awake or asleep, help her to focus and concentrate during an attack by demanding attention and physically nudging, touching, or jumping into Ms. Cowart's lap during attacks, retrieve medications as needed, provide barriers to intrusive behavior of others during anxiety attacks, and alert to people knocking at the door or ringing the bell when Ms. Cowart is unable to recognize these knocks due to her disassociative state. |
| 37 | In public, her service dog Pepper assists her with the above tasks and additionally assists her by guiding her to seating or away from strangers during impending attacks, and mitigating the anxiety she feels while around strangers when she is at doctor offices and other places of business. Pepper also carries Ms. Cowart's medications in a vest for Ms. Cowart's easy access and use. |
| 38 | The service dogs also assist her with the physical limitations she has a result of her Scoliosis and chronic pain. They perform such tasks as picking up objects she drops and cannot retrieve herself due to pain and stiffness and opening doors that she has difficulty opening due to pain and stiffness. |
| 39 | Using two service dogs for her disabilities allows Ms. Cowart to minimize the stress and burnout the dogs encounter due to working as a service animal. Allowing the service dogs to alternate in their tasks and to focus primarily on the tasks they perform best potentially extends the total years the service dogs will be able to provide service to Ms. Cowart. |
| 40 | Plaintiff Spencer Barlow has been diagnosed with and suffers from High Functioning Autism/Asperger's Syndrome and Attention Deficit Hyperactivity Disorder. |

| Paragraph Number of Plaintiffs' Complaint | Allegation / Substance of Allegation |
|---|---|
| 41 | As a result of his disabilities, Spencer has extreme difficulties and limitations in his everyday life. |
| 42 | Spencer requires constant adult supervision because he does not understand the concepts of safety and danger and puts himself and others into danger such as leaving the house, playing with dangerous objects such as knives and tools, chewing on inappropriate objects, and destroying objects by physically breaking them. |
| 43 | He disabilities cause anger and anxiety that make it difficult for him to maintain steady emotions, make him prone to violent outbursts, spitting, biting, and kicking which in turn can cause him to harm himself and/or others. |
| 44 | Spencer cannot interact with other children or his peers due to the limitations of his disabilities and emotional labiality. |
| 45 | Spencer suffers from fine motor skill delay, delay in language development, communication and comprehension |
| 46 | The developmental disorder of Autism/Asperger's Syndrome substantially limits Spencer in the major life activities of caring for himself, thinking, concentrating, learning, and interacting with others. |
| 47 | Attention Deficit Hyperactivity Disorder substantially limits Spencer in the major life activities of thinking, concentrating, learning, and interacting with others. |
| 48 | Plaintiff Spencer Barlow is a disabled individual as defined under applicable federal law, specifically, the ADA and Section 504 of the Rehabilitation Act. |
| 49 | In order to mitigate his disabilities, Plaintiff Spencer Barlow uses his service dog Kodi to perform such tasks as preventing Spencer from wandering out of the house and into danger by physically blocking the doors to the house, preventing Spencer from engaging in potentially dangerous behavior such as following strangers away from his house or his family, alerting other family members when Spencer has wandered away from the house, gaining Spencer's focus and attention while in public, and gaining Spencer's attention and focus when Spencer has emotional outbreaks caused by his disabilities. |
| 50 | On or about November 15, 2006, Ms. Cowart attempted to pay for city dog licenses for her and her son's service dogs at City Hall. |
| 51 | Cheryl Brunner, city clerk for Defendant City, told Ms. Cowart to wait for the 2007 licenses to be issued because the 2006 licenses would soon be expiring. |
| 52 | Ms. Brunner also told Ms. Cowart that no 2006 licenses would issued due to end-of-the-year paperwork. |

15

| Paragraph Number of Plaintiffs' Complaint | Allegation / Substance of Allegation |
|---|---|
| 53 | Ms. Cowart sought information on receiving multiple licenses for service dogs and Ms. Brunner told her that she had to apply to Defendant Chief of Police Jerry Matysik for avariance of the city's ordinance, Eau Claire Ord. 6.08.020 that limits the number of dogs per family to two. |
| 54 | Citation to Eau Claire Ordinance 6.08.020 and its Contents. |
| 55 | Ms. Brunner told Ms. Cowart that she should not apply for a variance until the dogs were licensed because the variance would be automatically denied otherwise. |
| 69 | On or about December 18, 2006, Ms. Cowart hand-delivered her application for a variance to the receptionist at the Eau Clare Police Department and hand-delivered her plea of not guilty to the Clerk of Courts. |
| 70 | Ms Cowart's application sought, in part, a reasonable accommodation under the ADA to the City's ordinance as the ordinance limited her right to mitigate her and her son's disabilities under the ADA. |
| 71 | On January 11, 2007 at the Pretrial Conference, Ms. Cowart explained to Defendant Assistant Attorney Stephen Bohrer why she did not have licenses for her service dogs at the time the citations were issued. |
| 72 | On January 11, 2007, Maryanne Cowart told Attorney Bohrer that two of her dogs had been licensed since the issuance of citations. |
| 95 | On January 31, 2007, Ms. Cowart received a letter from Eau Claire Police Sergeant Travis Quella, dated January 29, 2007, stating that the variance application had been denied. |
| 106 | On February 6, 2007, Ms. Cowart wrote a letter to Attorney Bohrer requesting clarification of his written request for evidence of Spencer's need for a service dog. |
| 107 | Ms. Cowart also wrote the Chief of Police Matysik and Sergeant Quella for copies of documents and reports forming the basis of her variance application denial. |
| 108 | On February 8, 2007, as a result of the city and its employees constant harassment, threats, and reticence to properly resolve the matter, Ms. Cowart experienced two major panic attacks that required her husband, Patrick Cowart, to take two days of work off in order to attend to her and their children. |
| 109 | Ms. Cowart made a formal complaint to the Wisconsin Civil Rights Division of the Attorney General in hopes that they would intervene on her behalf. |

| Paragraph Number of Plaintiffs' Complaint | Allegation / Substance of Allegation |
|---|---|
| 110 | In a letter dated March 2, 2007, Attorney Bohrer responded to the Division's investigation by stating that there was insufficient evidence that Ms. Cowart and her son were disabled and required the use of service dogs |
| 111 | Attorney Stephen Nicks supervises City Assistant Attorneys, including Stephen Bohrer and Lucie McGee. |
| 112 | Despite the fact that a review of relevant federal law would have revealed that the City's ordinance was not in compliance with federal law, Attorney Bohrer stated in this letter that the City's ordinance limiting two dogs to a household made her civil rights complaint moot. |
| 113 | On March 9, 2007, Ms. Cowart received a letter from Defendant Administrative Review Board stating that there would be a hearing on her appeal of the variance denial and that she was required to provide the Board with "medical information pertaining to the disabilities and information pertaining to the status and use of your dogs as service dogs." |
| 114 | Ms. Cowart retained counsel, Mr. Jeremy Bertsch, to assist her in the appeal process. |
| 115 | Ms. Cowart forwarded to the Board medical statements regarding her and her son's need for service dogs and statements from people who observed her yard and attest there were no feces in the kennel area as alleged by Officer Arloszynski. |
| 119 | On April 19, 2007, Mr. Bertsch, Ms. Cowart's attorney, met with Deputy Chief Bradley Venaas in an attempt to work out an agreement for the variance. |
| 120 | Deputy Chief Venaas' "unofficial" offer was Ms. Cowart could keep the three service dogs in exchange for Ms. Cowart demonstrating the service dogs' trained tasks in front of city officials, allowing unannounced animal control inspections of the Cowart's home, and Ms. Cowart's promise that she would never breed her service dogs. |
| 122 | While Deputy Chief Venaas claimed that all but one of the neighbors opposed Ms. Cowart's variance application, Ms. Cowart was able to obtain seven neighbor signatures on a petition in favor of the grant of Ms. Cowart's application for a variance.. |
| 124 | The Board denied Ms. Cowart's request for a closed meeting |
| 125 | Attorney Bertsch wrote a letter to the City Attorneys indicating that Ms. Cowart would not appear or discuss her and her son's medical and psychiatric conditions if the meeting was not closed. |
| 126 | City Assistant Attorney Lucie McGee was involved in the process regarding the accommodation request and authored a memo stating that a closed meeting was not legally mandated. |

| Paragraph Number of Plaintiffs' Complaint | Allegation / Substance of Allegation |
|---|---|
| 127 | The Board held a meeting on May 16, 2007 at which they denied the appeal of Ms. Cowart's variance request. |
| 132 | Defendant City of Eau Claire (hereinafter, "City") is a public entity within the meaning of 42 U.S.C. § 12131(1)(A) in that it is a local government entity. |
| 156 | 28 C.F.R. 35.107(a) requires a public entity employing more than 50 persons to designate at least one employee to coordinate its efforts to comply with and carry out its ADA responsibilities. |
| 167 | On July 26 2007, two animal control officers, one of whom was Lisa Arloszynski, arrived at Ms. Cowart's home. |
| 168 | The officers delivered a letter authored by Deputy Chief Bradley Venaas dated June 21, 2007 (See Exhibit 11). |
| 169 | Officers also delivered a copy of the letter to Attorney Jeremy Bertsch on July 26, 2007. |
| 170 | This letter states that the City and its officers will continue to cite Ms. Cowart for violation of the ordinance until she becomes "in compliance" with the city's ordinance limiting households to two dogs each. |
| 227 | Plaintiffs have a right of privacy under the Fourteenth Amendment to the United States Constitution. |
| 239 | The United States Department of Justice and the Wisconsin Division of Civil Rights are agencies that are charged with upholding the rights of disabled individuals to secure a reasonable accommodation of their disabilities and enforcing of the civil rights of the disabled under the ADA, the Rehabilitation Act, and other relevant federal and state law. |

**Exhibit 2**

**Defendants' Answers Subject to Strike**

| Paragraph Number of Defendants' Original Answer | Allegation / Substance of Allegation |
|---|---|
| 110 | Allegation that Plaintiffs failed to obtain sufficient service over Defendants |
| 111 | Plaintiffs failed to exhaust their administrative remedies |
| 112-128 | Plaintiffs failed to state a claim upon which relief may be granted |