IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARYANNE L. COWART, PATRICK
COWART and SPENCER BARLOW, a
Minor by his mother and next friend,
MARYANNE L. COWART,

                                  ORDER

        Plaintiffs,

                                  07-cv-410-bbc

    v.

CITY OF EAU CLAIRE, CITY OF EAU
CLAIRE POLICE DEPARTMENT, CITY
OF EAU CLAIRE ADMINISTRATIVE
REVIEW BOARD, JERRY MATYSIK,
TRAVIS QUELLA, BRADLEY VENAAS,
LISA ARLOSZYNSKI, NED DONNELLAN,
JENNIFER EBERT, JAMES FLORY,
DAVID OLSON, BRANDON BUCHANAN,
STEPHEN NICK, STEPHEN BOHRER and
LUCIE MCGEE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        On July 17, 2008, I granted defendants' motion for summary judgment on plaintiffs' claims that defendants violated their constitutional rights and their rights under the Americans with Disabilities Act and Rehabilitation Act when the City of Eau Claire denied their request for a variance to allow them to keep three dogs at their home instead of the two

1

allowed by city ordinance. The decision rested in part on plaintiffs' failure to adduce any evidence showing that Maryanne Cowart or Spencer Barlow are disabled within the meaning of the Americans with Disabilities Act and the Rehabilitation Act.

Now before the court is plaintiffs' motion for reconsideration of that order, which I construe as a timely filed motion to alter or amend the judgment under Fed. R. Civ. P. 59. Although presented in a sprawling 30-page brief, plaintiffs' primary argument is quite simple. They assert that because defendants did not adduce evidence showing that Maryanne and Spencer *are not* disabled, it was improper for the court to enter summary judgment in their favor on the ground that plaintiffs had adduced no evidence that they *are* disabled. Plaintiffs misapprehend the well-established standards for summary judgment.

In Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the United States Supreme Court held that although a party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," it need not support the motion with "materials *negating* the opponent's claim." It went on to note that, if the non-moving party fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" there can be "no genuine issue as to any material fact" and the moving party is therefore entitled to judgment as a matter of law. Id. at 323.

In defendants' brief in support of their motion for summary judgment, they informed

2

the court of the "basis for [the] motion." It included a two-page section in which defendants argue that Maryanne Cowart and Spencer Barlow were not disabled within the meaning of the statutes and, specifically, that plaintiffs had no evidence of their alleged disabilities. Defts.' Br. in Suppt. of M. Summ. J., dkt. #33, at 11-12. It was then incumbent on plaintiffs to present evidence showing that Maryanne and Spencer were disabled; it was not defendants' burden to disprove it. Contreras v. Suncast Corp., 237 F.3d 756-63 (7th Cir. 2001) (stating that it is plaintiff's burden to demonstrate he can "come up with evidence to show he could meet his ultimate burden of showing [a] . . . recognized disability). Despite plaintiffs' repeated arguments to the contrary, neither this court's local procedures nor Celotex required defendants to propose any facts or adduce any evidence regarding plaintiffs' alleged disabilities. They had only to put plaintiffs on notice in their motion that they were raising the issue.

As discussed at length in the summary judgment opinion, plaintiffs proposed only a handful of facts in opposition to defendants' motion for summary judgment, none of which had anything to do with plaintiffs' alleged disabilities. Plaintiffs argue that the court should have gone beyond their proposed findings of fact and reviewed the record as a whole because it would have found ample evidence of disability. In support of this argument, plaintiffs cite Nabozny v. Podlesny, 92 F.3d 446 (7th Cir. 1996), a case in which the Court of Appeals for the Seventh Circuit chided the district court for failing to consider evidence contained in the

3

record, but not in the plaintiff's proposed findings of fact, when it had granted summary judgment on grounds separate from those presented by the defendant. Nabozny is easily distinguishable from the case at hand; as noted above, defendants argued that plaintiffs had no evidence of disability and I granted their motion on this ground. I did not "venture outside" the moving party's grounds for summary judgment, or consider facts outside the parties' proposed findings of fact when reaching my decision.

Finally, plaintiffs make a peculiar argument that Nabozny is applicable because I did not consider defendants' allegedly unsupported contention that they enjoyed qualified immunity from at least some of plaintiffs' claims. Plaintiffs seem to take umbrage at the fact that I did not consider or comment on the lengthy discussion regarding *sovereign immunity* presented in response to defendants' assertion of *qualified immunity*. I did not need to reach the question of qualified immunity, because I concluded that there was no evidence that any defendant had violated plaintiffs' rights in any way.

The lack of commentary regarding plaintiffs' sovereign immunity argument was not an oversight, it was a kindness. The court should not have to point out to a lawyer litigating a civil rights case in federal court that sovereign immunity and qualified immunity are not the same thing (plaintiffs use the vague term "governmental immunity" in their motion for reconsideration). Defendants did not argue that the individual defendants or the municipality could fend off plaintiffs' claims on sovereign immunity grounds. Instead, they

4

invoked qualified immunity, which is a doctrine that protects government officials from liability related to their performance of discretionary functions so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  It is puzzling why this prompted plaintiffs to prepare an exegesis regarding sovereign immunity and the Americans with Disabilities Act, but it certainly does not make Nabozny any more applicable.

Accordingly, I conclude that it was not error to grant defendants' motion on the ground that plaintiffs had failed to present evidence from which a reasonable jury could conclude that they suffer from disabilities recognized under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and the Rehabilitation Act, 29 U.S.C. § 794.

ORDER

IT IS ORDERED that plaintiffs' motion for reconsideration of the court's July 17,

5

2008 order is DENIED.

Entered this 1st day of August, 2008.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge